UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ERENDIDA TOSADO, JANELLE TOSADO, and CARLOS TOSADO, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) 14 CV 3139<br>)<br>) Judge |
| The CITY OF CHICAGO and Chicago Police Officers B. CHINCHILLA #9445, JAMES L. ECHOLS #12329, FEDERICO ANDAVERDE #2530, and other UNKNOWN OFFICERS, | )<br>) Magistrate Judge<br>)<br>)<br>) |
| Defendants. | ) |

## COMPLAINT

Plaintiffs, ERENDIDA TOSADO, JANELLE TOSADO, and CARLOS TOSADO, by and through their attorney, Torreya L. Hamilton, make the following complaint against Defendants CITY OF CHICAGO ("Defendant CITY") and Chicago Police Officers CHINCHILLA #9445, ECHOLS #12329, ANDAVERDE #2530, and other UNKNOWN OFFICERS (collectively, "Defendant OFFICERS"):

### JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C. §1983 to redress the deprivation under color of law of Plaintiffs' rights as secured by the United States Constitution and Illinois common law.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§1331, 1343, and 1367.

3. Venue is proper under 28 U.S.C. §1391(b). All parties reside in this judicial district and the events giving rise to the claims asserted in this complaint occurred within the district.

### PARTIES

4. Plaintiff ERENDIDA TOSADO is a fifty-nine year-old woman residing in the first floor apartment at 3969 West Barry in Chicago, Illinois.

5. Plaintiff JANELLE TOSADO is a thirty-three year-old woman, and she is the daughter of

ERENDIDA TOSADO. JANELLE TOSADO lives with her mother and brother in the first floor apartment of her family's home at 3969 West Barry, Chicago, Illinois.

6. Plaintiff CARLOS TOSADO is a twenty-nine year-old man, and he is the son of ERENDIDA TOSADO and the brother of JANELLE TOSADO. CARLOS TOSADO lives with his mother and sister in the first floor apartment at 3969 West Barry in Chicago, Illinois.

7. Defendant OFFICERS were, at all times relevant to this complaint, Chicago police officers employed by Defendant CITY, acting within the scope of their employment and under color of law.

8. Defendant CITY is a municipal corporation and public entity incorporated under the laws of Illinois.

## FACTS

9. Plaintiff ERENDIDA TOSADO has owned and lived in the two flat building at 3969 West Barry in Chicago for approximately 28 years.

10. On the afternoon of November 21, 2013, all three Plaintiffs were at home.

11. At approximately 2:15 p.m. Defendant OFFICERS arrived at 3969 West Barry, Chicago, Illinois, to execute a search warrant for cannabis in the first floor apartment and a white male named "Tommy."

12. Plaintiff JANELLE TOSADO heard a loud banging on the front door of her home.

13. As JANELLE TOSADO approached the front door to open it, Defendant OFFICERS rammed the front door in and knocked it down, pinning Plaintiff JANELLE TOSADO on the ground under the door and hurting her.

14. Most of Defendant OFFICERS were not wearing blue patrol uniforms.

15. Defendant OFFICERS were wearing masks.

16. Defendant OFFICERS pointed guns at Plaintiffs.

2

17. Plaintiffs ERENDIDA and CARLOS TOSADO did not at first realize it was the police that had forced their way into their apartment, and instead thought they were the victims of a home invasion.

18. Defendant OFFICERS searched the entire first floor apartment, causing property damage that included breaking the glass in the family's china cabinet.

19. One of Defendant OFFICERS kicked the family dog (a Daschund) causing it to squeal and run away.

20. Defendant OFFICERS caused damage to Plaintiffs' doors.

21. Defendant OFFICERS remained inside Plaintiffs' home without their consent for approximately an hour.

22. Not one time did any of Defendant OFFICERS ask any Plaintiff about anyone named "Tommy."

23. Defendant OFFICERS also searched Plaintiffs' garage and CARLOS TOSADO's car.

24. Before they entered Plaintiffs' apartment, or shortly upon entering it, Defendant OFFICERS knew, or reasonably should have known, that the information presented to the judge to obtain this search warrant was false.

25. Before they left, Defendant OFFICERS threatened Plaintiffs that if they complained about the unlawful entry into their home, Defendant OFFICERS would come back and arrest CARLOS TOSADO.

26. Plaintiffs were not charged with any crimes or issued any citations.

**COUNT I**
42 U.S.C. § 1983 - Unlawful Search

27. Each of the preceding paragraphs is incorporated as if fully restated here.

28. As more fully described above, Defendant OFFICERS entered Plaintiffs' home with a warrant they knew, or reasonably should have known, was issued on false information. Thus, Defendant

3

OFFICERS entry into Plaintiffs' home was in violation of Plaintiffs' rights under the Fourth Amendment to the United States Constitution.

29. As more fully described above, Defendant OFFICERS entered and searched Plaintiffs' garage without a warrant or any other legal justification to do so, in violation of Plaintiffs' rights under the Fourth Amendment to the United States Constitution.

30. As more fully described above, Defendant OFFICERS entered and searched Plaintiff CARLOS TOSADO's car without a warrant or any other legal justification to do so, in violation of Plaintiff's rights under the Fourth Amendment to the United States Constitution.

31. As a direct and proximate result of this illegal entry and search, Plaintiffs suffered damages, which will be proven at trial.

**WHEREFORE**, Plaintiffs pray for judgment against Defendant OFFICERS in a fair and just amount sufficient to compensate Plaintiffs for the damages they have suffered, plus punitive damages, as well as costs, attorney's fees, and such other relief as is just and equitable.

### COUNT II
42 U.S.C. § 1983 - Unlawful Seizure

32. Each of the preceding paragraphs is incorporated as if fully restated here.

33. As more fully described above, Defendant OFFICERS caused Plaintiffs to be seized without probable cause or any other legal justification to do so, in violation of Plaintiffs' rights under the Fourth Amendment to the United States Constitution.

34. As a direct and proximate result of this illegal arrest, Plaintiffs suffered damages, which will be proven at trial.

**WHEREFORE**, Plaintiffs pray for judgment against Defendant OFFICERS in a fair and just amount sufficient to compensate Plaintiffs for the damages they have suffered, plus punitive damages, as well as costs, attorney's fees, and such other relief as is just and equitable.

## COUNT III
Illinois Trespass Claim

35. Each of the foregoing paragraphs is incorporated as if fully restated here.

36. As more fully described in preceding paragraphs, Defendant OFFICERS entered and searched Plaintiffs' home and garage without a legal justification to do so. This constituted an unwanted and uninvited invasion into Plaintiffs' exclusive possession of their home and garage in violation of Illinois common law.

37. This unwarranted invasion proximately caused damages to Plaintiffs and has caused an interference with their use and enjoyment of their home and garage.

38. Illinois law provides that public entities, such as Defendant CITY, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

39. At all relevant times, Defendant OFFICERS were agents of Defendant CITY and employees of the Chicago Police Department, acting within the scope of their employment. Defendant CITY, therefore, is liable as principal for all torts committed by its agents, Defendant OFFICERS.

**WHEREFORE**, Plaintiffs pray for judgment against Defendant CITY in a fair and just amount sufficient to compensate them for the damages they have suffered, and all such other relief as this Court finds just and equitable.

## COUNT IV
Illinois False Imprisonment Claim

40. Each of the preceding paragraphs is incorporated as if fully restated here.

41. As more fully described above, Defendant OFFICERS unlawfully detained Plaintiffs without any legal justification to do so.

42. Defendant OFFICERS acted willfully and wantonly in that they intended to violate, or were recklessly indifferent towards violating, Plaintiffs' rights.

43. As a direct and proximate result of Defendant OFFICERS' misconduct, Plaintiffs have suffered damages, including emotional damages, which will be proven at trial.

44. Illinois law provides that public entities, such as Defendant CITY, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

45. At all relevant times, Defendant OFFICERS were agents of Defendant CITY and employees of the Chicago Police Department, acting within the scope of their employment. Defendant CITY, therefore, is liable as principal for all torts committed by its agents, Defendant OFFICERS.

**WHEREFORE**, Plaintiffs pray for judgment against Defendant CITY in a fair and just amount sufficient to compensate them for the damages they have suffered, plus, Plaintiffs seek costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

**PLAINTIFFS DEMAND TRIAL BY JURY.**

Respectfully submitted,

ERENDIDA TOSADO, CARLOS TOSADO, and JANELLE TOSADO, Plaintiffs,

By: /s Torreya L. Hamilton
    One of Plaintiff's Attorneys

HAMILTON LAW OFFICE, LLC
53 W. Jackson Blvd., Suite 452
Chicago, IL 60604
312.726.3171
tlh@thehamiltonlawoffice.com
Attorney No. 6229397